IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CATHY BURKHART                                              PLAINTIFF

v.                          NO. 3:07-CV-199-SWW

AMERICAN RAILCAR INDUSTRIES, INC.                           DEFENDANT

## PROTECTIVE ORDER

On the request of the plaintiff Cathy Burkhart for an Order to Compel discovery responses, and by agreement of the parties, pursuant to Fed. R. Civ. P. 26, IT IS ORDERED that this Protective Order govern certain discovery requests of the parties to this litigation.

1. <u>Findings</u>. The plaintiff propounded the following Requests for Production of Documents to the plaintiff, and the defendant submitted the following responses:

> **INTERROGATORY NO. 8**: Please identify all disciplinary actions taken against Bill Allen for violation of company policy and rules, including, but not limited to, the disciplinary action taken against Mr. Allen following Cathy Burkhart's complaint of sexual harassment in March of 2006, stating specifically the following:
>
> (a) The date of the complaint;
> (b) The name of the complaining party;
> (c) The details of the allegedly offensive conduct;
> (d) The type of disciplinary measures taken against Mr. Allen; and
> (e) Whether the complaint resulted in formal legal action, either through the EEOC or the United States District Court.
>
> **RESPONSE**: Objection. This interrogatory seeks information that is privileged, confidential, and not reasonably calculated to lead to the discovery of admissible evidence; and parts of the question itself are vague and confusing. Without waiving the objection: The Plaintiff alleged in March 2006 that Bill Allen sent her a pornographic e-mail. Following an investigation, Bill Allen was suspended for five

Protective Order – Page 1

**days and given notice that further violations would result in termination. On May 12, 2008, Bill Allen was terminated. Relevant documents are enclosed.**

**REQUEST FOR PRODUCTION NO. 16: Please produce Bill Allen's entire personnel file.**

**RESPONSE: Objection. This interrogatory seeks information that is privileged, confidential, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection: portions of Bill Allen's personnel file pertaining to the Plaintiff's complaint of sexual harassment are enclosed.**

The plaintiff subsequently later sought responses to the Interrogatory and Request for Production, to which the defendant had objected.

2. As used in this Order, "protected materials" means the documents that are responsive to Interrogatory No. 8 and Request for Production No. 16, as identified in paragraph 1 of this Order, and include the personnel file of employee Bill Allen maintained by the defendant, except that "protected materials" does not mean documents that are protected by attorney-client privilege.

3. The defendant is ordered to produce the protected materials. Protected materials shall not be disclosed or used by counsel, or by any other person receiving such materials pursuant to this Order, except for the conduct of this proceeding, and except in accordance with the terms of this Order. All copies, extracts, or summaries in any form whatsoever, mechanical, electronic or otherwise derived or prepared from said documents, are protected by and subject to this Order and shall be used only in accordance with the provisions of this Order.

4. If a document or other tangible item identified as protected materials is offered at any trial or hearing, any party may request that the Court

extend some manner of protection to such document and the Court will consider the request on a document-by-document basis. However, to the extent that documents or other tangible items previously identified as protected materials are introduced as exhibits, without special protection by the Court, such documents will no longer be subject to the scope of this Order.

5. The party requesting protected materials shall be responsible for safeguarding all protected materials disclosed under this Order. Any person to whom disclosure or inspection is made shall be bound by the terms of this Order. Any person to whom disclosure or inspection is made under this Order who violates the terms of this Order may be subject to sanctions imposed by the Court for such violation, including but not limited to the assessment of money damages and injunctive relief.

6. This Order shall remain in full force and effect and survive the entry of any order by the Court resulting in the termination of this action, unless this Order is expressly modified or vacated by the Court upon notice to all parties and opportunity for a hearing.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

June 25, 2008
DATE

APPROVED AS TO FORM:

_____
Brandon W. Lacy (Ark. Bar No. 03098)
Wilcox, Lancaster & Lacy, PLC
601 South Church
Jonesboro, AR 72401
*Attorneys for plaintiff Cathy Burkhart*


_____
Robert F. Thompson III (Ark. Bar No. 97232)
Branch, Thompson, Philhours & Warmath, P.A.
414 West Court Street
Paragould, Arkansas 72450
*Attorneys for defendant American Railcar Industries, Inc.*